UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| J.B. D., JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-04055-SEB-TAB |
| ) | |
| ANDREW M. SAUL Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S SOCIAL SECURITY APPEAL**

### I.  Introduction

Plaintiff's appeal, which he filed without the assistance of an attorney, largely consists of lists of his ailments and portions of medical records. While his initial brief does not expressly state why he believes the Administrative Law Judge's decision should be remanded, his reply brief clarifies that he does not understand how the Social Security Administration could say he can work when his impairments are supported by medical records. Plaintiff does not make a more specific argument for how the ALJ erred or what precisely requires remand. Plaintiff does, however, specify that his biggest concerns are his neck pain and the varicose veins in his legs. Like several other ailments Plaintiff points to, Plaintiff's neck pain is not properly before the Court as the supporting evidence postdates both the hearing and the ALJ's decision. Regarding Plaintiff's varicose veins and other impairments that are properly before the Court, Plaintiff essentially is asking the Court to reweigh the evidence, which is something the Court cannot do. Further, Defendant persuasively argues that the ALJ's decision is in fact supported by substantial evidence. Therefore, Plaintiff's request for remand [Filing No. 8] should be denied.

## II.     Background

Plaintiff filed an application for a period of disability, disability insurance benefits, and supplemental security income, alleging disability beginning in March of 2015.  Plaintiff alleged he was disabled due to: 1) diabetes, 2) back problems, 3) carpal tunnel in both hands, 4) problems with both arms, 5) headaches, and 6) bleeding stomach issues.  [Filing No. 6-8, at ECF p. 8; Filing No. 6-2, at ECF p. 17.]  The SSA denied the claims initially and upon reconsideration.  Plaintiff then had a hearing before an ALJ, who issued a decision on December 5, 2017, denying Plaintiff benefits.  The Appeals Council declined to reconsider the ALJ's decision.

In reaching his decision, the ALJ followed the SSA's five-step sequential process to determine if Plaintiff was disabled at the time of the decision.  Step one concerns whether Plaintiff had been engaging in substantial gainful activity during the period for which he was seeking disability.  The ALJ found that Plaintiff had not, so the ALJ's analysis continued to step two.  Step two concerns whether any of Plaintiff's impairments qualify as "severe" under Social Security regulations.  The ALJ determined that Plaintiff had eight severe impairments—headaches, bleeding stomach issues, degenerative disc disease, diabetes with neuropathy, bilateral carpal tunnel, cataracts, tinnitus, and obesity—and two non-severe impairments—hypertension and high cholesterol.  The ALJ continued to step three, in which the ALJ found that neither Plaintiff's individual impairments nor the combination of his impairments met or medically equaled the severity of any of the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Specifically, the ALJ considered listings 1.02, 1.04, 2.04, 5.00, 11.02, and 11.14, as well as Social Security Ruling 02-1p.

Before moving on to step four, the ALJ determined Plaintiff's residual functional capacity, i.e., his remaining ability to function despite his limitations. The ALJ found that with his RFC, Plaintiff could perform "light work," but with the following additional limitations:

> [Plaintiff could] occasionally lift and carry twenty pounds, frequently lift and carry ten pounds; push or pull unlimited except for the weights indicated; stand or walk for up to six [hours] in an eight-hour workday, sit for up to six hours in an eight-hour workday; occasionally climb ramps or stairs; never climb ladders, ropes or scaffolds; occasionally balance, stoop, crouch, or crawl; no exposure to concentrated wetness; no exposure to unprotected heights or hazardous machinery; moderate noise exposure; occasional foot controls – bilaterally; frequent reaching, handling, fingering and feeling – bilaterally; and occasional overhead reaching – bilaterally.

[Filing No. 6-2, at ECF p. 16.]

Based on this RFC finding, as well as testimony from a vocational expert, the ALJ concluded at step four that Plaintiff was capable of meeting the physical and mental demands of his prior job as a security guard. Because Plaintiff was capable of returning to his prior job, the ALJ concluded Plaintiff was not disabled. With his finding at step four that Plaintiff was not disabled, the ALJ properly did not offer a step-five analysis.

### III. Discussion

The ailments and evidence Plaintiff lists fall into at least one of three categories: 1) evidence or allegations of new or additional impairments that were not before the ALJ, 2) new evidence relating to old impairment allegations that were before the ALJ, or 3) restatements of evidence or allegations of impairments that the ALJ considered.

The Court's review of the evidence is limited to the administrative record, so it cannot consider new evidence of disability. *Rasmussen v. Astrue*, 254 Fed. App'x 542, 547 (7th Cir. 2007); *Papendick v. Sullivan*, 969 F.2d 298, 302 (7th Cir. 1992) ("It is clear from [42 U.S.C. § 405(g)] that a district court may not consider evidence outside the certified record.") (overruled on other grounds by *Johnson v. Apfel*, 189 F.3d 561 (7th Cir. 1999)). While the Court can

remand the ALJ's decision so the ALJ can consider evidence that was not in the record, the Court cannot remand the ALJ's decision so the ALJ can consider new evidence that postdates the hearing. *Getch v. Astrue*, 539 F.3d 473, 484 (7th Cir. 2008). Likewise, the Court cannot consider evidence of the claimant's current condition. *Id.* Instead, if a claimant develops a new impairment after the SSA issues its decision, instead of filing an appeal, the claimant may file a new application for benefits with the SSA. *Id.*

Plaintiff alleges two new impairments that were not part of the ALJ's consideration: neck pain and strokes. Plaintiff's allegation of neck pain is supported by a medical record that shows spondylolisthesis of Plaintiff's cervical spine. [Filing No. 8, at ECF pp. 2, 12.] However, the record is dated February 14, 2019, which is well after the ALJ's decision, so the Court cannot consider such evidence and argument. Plaintiff also alleges that he has had four strokes—two requiring trips to the hospital and two "mini-strokes." This allegation is likewise beyond what is in the administrative record and Plaintiff does not provide any medical evidence to support his allegation. Plaintiff can file a new disability benefits application concerning these alleged impairments, but this Court cannot consider them.[1]

Plaintiff also offers new evidence to support allegations of impairments that the ALJ considered. Plaintiff includes medical records and allegations relating to his tinnitus, carpal tunnel, rotator cuff, varicose veins, and a follow-up surgery on his right arm related to an injury. [Filing No. 8, at ECF pp. 3, 12-13; Filing No. 14, at ECF pp. 9-11, 13, 23.] The Court cannot consider this evidence because it postdates the hearing.

---

[1] In his reply, Plaintiff includes a letter from the Indiana Family & Social Services Administration, informing Plaintiff of a change to his Healthy Indiana Plan benefits because IFSSA determined he was medically frail. [Filing No. 14, at ECF p. 26.] The Court cannot consider this evidence, but the letter may bolster a future benefits claim, should he file one.

Much of Plaintiff's briefing concerns impairments that the ALJ considered. Plaintiff states that he does not understand how the ALJ could conclude that he is not disabled when he has medical records to show the existence of these impairments. Apart from voicing this confusion, Plaintiff does not explain how he believes the ALJ erred in considering Plaintiff's alleged impairments.

The Court will not overturn an ALJ's decision if the ALJ applied the correct legal standard and the ALJ supported his findings with substantial evidence. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). "Substantial evidence" means "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019) (quoting *Moore v. Colvin*, 743 F.3d 1118, 1120 (7th Cir. 2014)). When weighing the evidence, ALJs need only "minimally articulate" their reasoning. *Filus v. Astrue*, 694 F.3d 863, 869 (7th Cir. 2012). If reasonable minds could disagree on whether a claimant is disabled, the Court will affirm the ALJ's decision. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). In analyzing whether the ALJ supported his decision with substantial evidence, the Court "will not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of [the ALJ]." *Rice v. Barnhart*, 384 F.3d 363, 369 (7th Cir. 2004).

Defendant's argument that the ALJ's decision is supported by substantial evidence is persuasive because the brief thoroughly discusses the evidence the ALJ relied on to support his decision. [Filing No. 12, at ECF pp. 9-18.] Further, the ALJ adequately discussed and analyzed each of the impairments Plaintiff points to:

- Varicose veins: Plaintiff presents evidence of varicose veins in his legs, i.e., thrombophlebitis of superficial veins of the lower extremity. The ALJ noted that in a 2012 application for disability benefits, a different ALJ had considered Plaintiff's varicose veins, and had concluded that it was a severe impairment, but Plaintiff could still

work. [Filing No. 6-2, at ECF p. 20-21.] The ALJ further noted that Plaintiff admitted that, following that 2012 decision, Plaintiff worked as a security guard. [Id.] Thus, with no evidence that Plaintiff's condition had worsened, the ALJ properly supported his conclusion that Plaintiff could still work despite his varicose veins. Plaintiff does not provide a source for his claim that a doctor told him to elevate his legs 90 to 100 percent of the time. Regardless, there is no evidence in the administrative record, to which the Court is limited, to support this claim.

- Hernia surgeries: the ALJ's discussion of Plaintiff's hernia surgeries took the same track as the ALJ's discussion of Plaintiff's varicose veins—the surgeries took place before the 2012 decision, that decision discussed the surgeries and found Plaintiff could work, and following that decision, Plaintiff was able to work. [Id.] The Court cannot consider Plaintiff's new allegations of digestive issues related to his hernia surgeries.

- Carpal tunnel: Plaintiff alleges his latest carpal tunnel surgery was not a success, though this surgery happened after the hearing and is outside the scope of this appeal. The ALJ noted Plaintiff's carpal tunnel and included physical movement and exertional limitations in Plaintiff's RFC. [Id. at ECF pp. 16, 19.] And as with Plaintiff's varicose veins and hernia surgeries, the ALJ noted that Plaintiff's carpal tunnel was analyzed at the 2012 hearing and Plaintiff was able to return to work. [Id. at ECF pp. 20-21.]

- Back pain: the ALJ noted that Plaintiff's medical records showed lumbar spondylosis, that Plaintiff had little treatment history, and that recent clinical findings showed only tenderness and a normal range of motion. [Id. at ECF p. 18.] The ALJ also cited the consultative medical exam opinion of Dr. Ami Rice, who found mild levoscoliosis and slightly limited range of motion without tenderness to palpation. [Id. at ECF p. 19.] The ALJ also pointed to Plaintiff's activities of daily living as evidence that despite the chronic pain, Plaintiff could still work. [Id.]

- Tinnitus: Plaintiff alleges that his doctor put tubes in his ears to help with his tinnitus and hearing limitations, but that the procedure was unsuccessful. However, this evidence is from after the hearing and the Court cannot consider it. Further, the ALJ noted that, though Plaintiff was diagnosed with hearing limitations, his word recognition "in quiet" was excellent in each ear, the hearing issue had been present since childhood and plaintiff had a substantial work history, and Plaintiff did not use a hearing aid or have other treatment for his hearing. [Id. at ECF p. 20.]

- Injury to both arms: Plaintiff fell at work, causing severe injuries to both arms and elbows. The ALJ thoroughly discussed the injury, subsequent surgeries, physical therapy, and the re-injury and additional surgery on his right arm. [Id. at ECF pp. 17-18.] The ALJ cited medical records showing continued pain and decreased strength but full range of motion. [Id. at ECF p. 18.] To account for these limitations, the ALJ included in Plaintiff's RFC that Plaintiff was limited in the amount he could push and pull, as well as in his grip strength and ability to reach. [Id. at ECF p. 16.]

- Shoulder: the same fall that injured Plaintiff's arms also injured one of his shoulders. The ALJ noted that Plaintiff's "shoulder injury was inoperable." [Id. at ECF p. 17.]

- Plaintiff alleges that, since the hearing, Dr. Brett has confirmed that Plaintiff's rotator cuff shoulder injury was inoperable. This information is outside the scope of the Court's review. Regardless, Plaintiff does not allege he has any limitations in his ability to use his arms beyond what the ALJ included in his RFC.

- Arthritis: Plaintiff makes new allegations of arthritis in his hands limiting his ability to grip, but again, the Court cannot consider this allegation. The ALJ acknowledged Plaintiff's arthritis and that Plaintiff took pain medicine for it. [*Id.* at ECF p. 19.]

- Brain tumor: the ALJ noted that Plaintiff claimed to have had a brain tumor but pointed out the lack of evidence to support it. [*Id.*] In this appeal, Plaintiff points to medical records that acknowledge that Plaintiff had a brain tumor as a child. However, these records are outside the administrative record that the Court is permitted to consider. And regardless, Plaintiff does not allege any limitations due to his childhood tumor.

- Stomach bleeding: the ALJ discussed Plaintiff's diagnosis of hematochezia, constipation, strain during bowel movements, and external hemorrhoids. [*Id.* at ECF p. 18.] The ALJ noted that the doctor who diagnosed Plaintiff advised Plaintiff to use a fiber supplement and to follow-up regarding the hemorrhoids, but "[t]hereafter, there [was] little noted treatment." [*Id.*]

- Foot injury: the ALJ acknowledged that Plaintiff fractured his foot when it was runover by a car in 2015. [*Id.* at ECF p. 17.] Plaintiff does not allege that the fracture prevented him from working or caused any continuing impairment after it healed.

- Medications: the ALJ concluded that "while evidence regarding [Plaintiff's] medications and other treatment may confirm the existence of impairments or functional limitations, it does not establish an inability to work." [*Id.* at ECF p. 19.] Plaintiff does not argue that either the medications themselves or any side-effects prevent or limit his ability to work.

Despite the existence of medical records showing Plaintiff had impairments, Plaintiff does not show that the ALJ committed reversible error when analyzing Plaintiff's claim. In short, the medical records show Plaintiff had limitations, but according to the ALJ, they do not show he was disabled. In this appeal, Plaintiff has not shown that the ALJ's decision lacked the minimum evidentiary support and reasoning to support its conclusion.

### IV. Conclusion

As discussed above, Plaintiff has not shown that the ALJ's decision lacks the support of substantial evidence, so his request for remand [Filing No. 8] should be denied. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in

accordance with 28 U.S.C. § 636(b)(1). Absent a showing of good cause, failure to file objections within 14 days after service shall constitute a waiver of subsequent review.

Date: 8/5/2019

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

JB DICKERSON, JR.
2215 Raintree Place
Anderson, IN 46011

Christie O'Brien Tate
SOCIAL SECURITY ADMINISTRATION
christie.tate@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov